STEWART, J.,
dissenting.
The majority determined that Metz did not have valid insurance at the time of the May 5, 2009, accident. More specifically, the majority determined that contested provision in paragraph 4 does not apply to the payment of premiums. For the following reasons, I respectfully dissent from the majority’s opinion.
The language in the Safeway policy states “when two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each.” Arguably, this policy provision may be viewed as ambiguous. Jurisprudence suggests that we construe ambiguous policy provisions against the insurer in favor of coverage. Further, while interpreting Safeway’s insurance contract, jurisprudence requires that we attempt to discern the common intent of the insured and the insurer. After a careful review of the record, I come to the conclusion that Safeway intended for the terms of its policy to apply separately to Metz’s Avalanche and the Outlan-der. The wording in the policy clearly expresses that intent.
Further, the record supports Metz’s assertion that he completed his payments for insurance coverage on the Avalanche through the remainder of the policy term. As stated in the original opinion, Ms. Rhonda Marshall, a senior underwriter for Safeway, testified that Metz’s April 7, 2009, payment of $110.32 completed payment for coverage for the Avalanche for the period between November 16, 2008, and May 16, 2009.
The majority identified the $110.82 payment as a “partial payment.” I disagree. On April 8, 2009, Safeway sent Metz a bill for the additional premium, intended for the Uplander. Metz denied receiving this bill, and consequently failed to pay it. However, as stated in the previous paragraph, Metz did complete his payments for *10 insurance coverage on the Avalanche through the remained of the policy term, on the day before Safeway allegedly mailed the bill for the additional premium to cover the Uplander.
We note that the record is void of any evidence indicating that Metz’s April 7, 2009, payment of $110.32 was refunded, nor was there a pro-rata refunded for the days of noninsurance. We cannot ignore this important fact. This information, coupled with the language in the policy, support our finding that Safeway’s policy issuing coverage on the Avalanche was in effect at the time of the May 5, 2009, accident.
For these reasons, I cannot agree with the majority in their determination that the trial court was manifestly erroneous in finding that there was coverage on the Avalanche at the time of the May 5, 2009, accident. Therefore, I respectfully dissent.